| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** | <u>Presentment Date</u><br>**January 4, 2021 at 12:00 p.m.** |

875 Third Avenue

New York, New York 10022

Telephone No.: 212-603-6300

Fred B. Ringel

Counsel to 159 Broadway Member LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **159 BROADWAY MEMBER LLC,** | Case No. 20-23287-rdd |
| Debtor. | |

---------------------------------------------------------------X

**AMENDED MOTION PURSUANT TO SECTIONS**
**105(A), 305(A) AND 1112(B) OF THE BANKRUPTCY**
**CODE FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

159 Broadway Member LLC ("159 Broadway"), by its attorneys, seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, dismissing the above-captioned chapter 11 case pursuant to 11 U.S.C. §§ 105(a), 305(a) and 1112(b).  In support of this motion, the 159 Broadway respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

{01083258.DOC;5 }

3. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §§ 157(b)(1). The statutory predicates for the relief sought herein are sections 105, 305 and 1112 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017 and 9013.

## BACKGROUND

4. 159 Broadway is the 100% owner of WB Bridge Hotel LLC ("WB Bridge"), which in turn owns the real property and improvements located at 159 Broadway, Brooklyn, New York.

5. On December 21, 2020, in order to stay a UCC sale of its pledged membership interests in WB Bridge, which sale was scheduled for 2:00 p.m., 159 Broadway sought to file a chapter 11 petition. Because the filing was done on an emergency basis, 159 Broadway's initial attempt to file a chapter 11 case resulted in the filing of just the corporate resolution authorizing the filing at 1:25 p.m. Upon realizing this filing error, 159 Broadway subsequently filed its voluntary chapter 11 petition, but rather then file the petition under this case number, 20-23287, 159 Broadway inadvertently commenced a new chapter 11 case under a new case number. That case is captioned *In re 159 Broadway Member* LLC, Case No 23289-rdd (the "159 Broadway Chapter 11 Case") and was filed in time to stay the UCC sale and will be the operative debtor case going forward.[1] Accordingly, as this docket only contains a corporate resolution and an application for pro hac vice admission, which is also filed in the 159 Broadway Chapter 11 Case, 159 Broadway seeks dismissal of this chapter 11 case only.

---

[1] WB Bridge also filed its own chapter 11 case which was assigned case no. 20-23288-rdd.

**LEGAL STANDARD**

6. Section 105 of the Bankruptcy Code provides that the "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. Section 105(a).

7. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest after notice and a hearing, the court shall convert…or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…" 11 U.S.C. Section 1112(b)(1). Upon a finding of "cause," the court must dismiss or convert a Chapter 11 case absent unusual circumstances. See In re Gateway Access Solutions, Inc., 374 B.R. 556, 560 (Bankr. M.D.Pa. 2007) ("amendments to §1112 limit the Court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause"). The list of factors contained in section 1112(b) is not exhaustive. In re C-TC 9th Ave. P'ship, 113 F. 3d 1304, 1311 (2d Cir. 1997); Clear Blue Water, LLC v. Oyster Bay Mgmt Co. LLC, 476 B.R. 60, 66 ( E.D.N.Y. 2012); In re Island Helicopters, 211 B.R. 453, 462 (Bankr. E.D.N.Y. 1997). Additionally, dismissal is also appropriate under section 305(a) of the Bankruptcy Code. "[S]ection 305 is reserved for those rare occasions when both the creditors generally and the debtor itself are better served by dismissal or suspension." 2 Collier on Bankruptcy ¶305.01[1] (Alan N. Resnick & Henry J. Somme reds., 15th ed. rev.).

8. In order to clear up the administrative filing error and to avoid any future confusion, 159 Broadway respectfully requests that this case be dismissed and that the 159 Broadway Chapter 11 Case be designated as the operative chapter 11 going forward. Accordingly, 159 Broadway requests that along with entry of the proposed order, the Clerk be directed to add an entry on the ECF docket reflecting that only this chapter 11 case is being

dismissed and that parties are to be referred to the 159 Broadway Chapter 11 Case, which is the correct chapter 11 case. Further, dismissal of this case will not affect the automatic stay that was imposed by the filing of the 159 Broadway Chapter 11 Case.

        9.      159 Broadway will also be seeking to jointly administer the 159 Broadway Chapter 11 Case with the chapter 11 case of WB Bridge.

        10.     Additionally, because this case was filed in error, 159 Broadway seeks a waiver of any fees due pursuant to 28 U.S.C. § 1930, including the $1,738.00 filing fee. The filing fee was paid in the 159 Broadway Chapter 11 Case.

        11.     159 Broadway has served a copy of this motion by mail upon: (i) the United States Trustee; (ii) counsel to 159 Broadway Mezz LLC; and (iii) those parties who have filed a notice of appearance or an application for pro hac vice admission on the ECF docket of this case. 159 Broadway does not believe any further notice is required under the Bankruptcy Rules.

        12.     No prior motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, 159 Broadway respectfully requests that the Court enter the order in the form annexed hereto dismissing this chapter 11 case and directing the Clerk to add an entry on the ECF docket upon dismissal of this case that all parties be referred to the 159 Broadway Chapter 11 Case and granting related relief.

Dated: New York, New York
December 28, 2020

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
Counsel for 159 Broadway Member LLC
875 Third Avenue
New York, New York 10022
(212) 603-6300

By: /s/ Fred B. Ringel
Fred B. Ringel

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
#
---------------------------------------------------------------X

In re:                                                                    Chapter 11

**159 BROADWAY MEMBER LLC,**                          Case No. 20-23287-rdd

                          Debtor.
---------------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASE

Upon the application of 159 Broadway Member LLC ("159 Broadway") seeking entry of an order dismissing this chapter 11 case pursuant to 11 U.S.C. §§ 105(a), 305(a) and 1112(b); and it appearing that appropriate notice has been given; and no objections having been interposed; and sufficient cause existing for the relief requested, it is

**ORDERED**, that the 159 Broadway chapter 11 case is dismissed pursuant to 11 U.S.C. §§ 105(a), 305(a) and 1112(b); and it is further

**ORDERED**, that a docket entry shall be made on the electronic docket of this Case No. 20-23287-rdd as follows:

The Order Dismissing the Chapter 11 Case of 159 Broadway Member LLC pertains only to this Case No. 20-23287-rdd and does not affect the administration of *In re Broadway Member LLC*, Case No. 23289-rdd. All parties wishing to view the correct bankruptcy docket of 159 Broadway Member LLC can view the docket for the case captioned: *In re Broadway Member LLC*, Case No. 23289-rdd and its jointly administered debtor, *In re WB Bridge Hotel LLC,* Case No. 23288-rdd;

and it is further

{01083320.DOC;5 }

#

**ORDERED**, that any fees, including the $1,738.00 filing fee, owed pursuant to 28 U.S.C. § 1930 arising out of the inadvertent filing of this chapter 11 case are waived; and it is further

**ORDERED,** that the Court shall retain jurisdiction over all matters relating to the implementation or interpretation of this Order.

Dated: White Plains, New York
    December __, 2020

_____
**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

{01083320.DOC;5 }